papers are plainly insufficient to justify the order appealed from. Order of the County Court of Suffolk county reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs; but the defendants may withdraw their defense of the breach of warranty so that it may be the subject of an independent action, if they be so advised. Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ., concurred.

· CENTURY STEEL COMPANY OF AMERICA, INC., Appellant, v. HOLSAM COMPANY, INC., Respondent.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ.

ROLAND R. CONKLIN, Respondent, v. THEODORE P. SHONTS, Appellant. — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Putnam, Blackmar, Kelly and Jaycox, JJ., concurred.

MOLLIE STAMILE D'ELISA, Respondent, v. MARY LOUISA RITTONDO and Others, Defendants, Impleaded with MARIA GATA SANTORO, Appellant. — Order reversed, with ten dollars costs and disbursements, and motion granted to the extent of permitting appellant to interpose an answer and defend. In the meantime the judgment and sale to stand until the determination of the issues to be raised by the answer, and the purchaser enjoined from disposing of the property. The wife received no interest in the property under foreclosure through the will of her husband. The death of the husband extinguished his interest and left her the sole owner through her tenancy by the entirety. Whether the two wills made by the husband and the wife upon the same piece of paper were made pursuant to a contract to make reciprocal or mutual wills is a question of fact. (*Edson* v. *Parsons*, 155 N. Y. 555; *Rastetter* v. *Hoenninger*, 214 id. 71; *Hermann* v. *Ludwig*, 186 App. Div. 287.) If there was such a contract and the wife received property from the husband under it, she was bound to carry it out. This contract did not deprive her of the power and right to dispose of her property in any way except by testamentary disposition, or by gift in the nature or in lieu of a testamentary disposition, or with intent to defeat the purpose of such agreement. (*Rastetter* v. *Hoenninger*, supra.) Whether the mortgage was such a gift is a question of fact. These questions seem to be sufficient to warrant a trial; and the infancy of the appellant at the time of the foreclosure proceeding justifies the court, in the exercise of its control over its own judgments, to afford the appellant an opportunity to present her case. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

HERMAN EGER, Respondent, v. NEW YORK CONSOLIDATED RAILROAD COMPANY, Appellant.— Judgment unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ.

WINIFRED HOWELL, as Administratrix, etc., of REBECCA COVENEY, Deceased, Respondent, v. NEW YORK RAILWAYS COMPANY, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Rich, Putnam, Blackmar and Jaycox, JJ.

In the Matter of the Application of FANNIE BERNARD, Respondent, for an Allowance Out of the Estate of LOUISE REICHARD, an Incompetent.

PARKER K. DEANE, as Committee, etc., Appellant. (Appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements, payable out of the incompetent's estate. No opinion. Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ., concurred.

In the Matter of the Application of FANNIE BERNARD, Respondent, for an Allowance Out of the Estate of LOUISE REICHARD, an Incompetent. PARKER K. DEANE, as Committee, etc., Appellant. (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements, payable out of the incompetent's estate. No opinion. Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ., concurred.

In the Matter of the Application of ELLEN MORAN, Appellant, for Payment of Award, etc., in Proceedings to Open Montgomery Street, etc., in the Borough of Brooklyn, City of New York. THE CITY OF NEW YORK, Respondent.— Order reversed, with ten dollars costs and disbursements, and motion to confirm referee's report and for payment of award granted, with ten dollars costs, upon the ground that we conclude that the deed by the former city of Brooklyn to the petitioner did convey as a part of the assessment lot No. 56 the land afterward known as damage parcel No. 51, for which the award of $180 was subsequently made to unknown owners, and that, therefore, the petitioner is entitled to that award. The street opening proceeding was conducted by the city upon the theory that the land in damage parcel No. 51 was private property, and the award was made and confirmed upon that basis, and this theory is confirmed by the deeds in the petitioner's claim of title: Mills, Putnam, Kelly and Jaycox, JJ., concurred; Jenks, P. J., dissented.

In the Matter of the Application of ROSE M. PACKER, Respondent, v. CHARLES F. HART, Appellant, and Others, Defendants. (Appeal No. 1.) — The strong case made by the respondent entitles her to learn whether to sue De Jonge & Co. or the railroad as the principal answerable for the acts of Hart in operating the steam shovel which ruptured the water mains through which was respondent's water supply. But such an order for examination of Hart or De Jonge cannot be had before action has been begun, unless to perpetuate testimony. (*Matter of Dain's Sons' Co.* v. *Lowry*, 146 App. Div. 918; affd., 204 N. Y. 623.) Here the purpose is to find out whom to sue, which is not a case to examine one departing, sick or infirm, who will otherwise be unable to attend the trial under Code of Civil Procedure, section 872. There must be danger that such testimony will be lost before a trial can be had. (3 Story Eq. Juris. [14th ed.] § 1957; *Matter of Fulton*, 75 App. Div. 623; *Matter of Schlotterer*, 105 id. 115; *Matter of Moto Bloc Import Co., No. 1*, 140 id. 532.) The order of the County Court of Richmond county is, therefore, reversed, with ten dollars costs and disbursements, and motion to vacate order for examination granted. Jenks, P. J., Mills, Putnam, Kelly and Jaycox, JJ., concurred.

In the Matter of the Application of ROSE M. PACKER, Respondent, v. LOUIS DE JONGE & Co., Appellant, Impleaded with CHARLES F. HART and Others, Defendants. (Appeal No. 2.) — Order of the County Court of Richmond county reversed, and motion to vacate order for appellant's